DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mark E. Rexroad appeals from the order of the Summit County Court of Common Pleas classifying him a sexual predator. We affirm.
On April 7, 1997, appellant Mark E. Rexroad pleaded guilty to five counts of kidnaping, in violation of R.C. 2905.01(A)(4), and five counts of gross sexual imposition, in violation of R.C.2907.05(A)(4). The trial court then sentenced him to a total of thirty years incarceration. After considering a pre-sentence investigation report, victim impact statements, testimony and arguments from counsel, the trial court found Rexroad to be a sexual predator pursuant to R.C. 2950.09. Rexroad timely appealed the sexual predator classification to this court.
In his sole assignment of error, Rexroad alleges "[t]he trial court erred in branding [him] a sexual predator." The assignment of error is not well taken.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). R.C. 2950.09(B)(2) provides the following instruction to the trial court in making sexual predator classifications:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
After hearing testimony, reviewing evidence and considering the above mentioned factors, the trial court must determine, by clear and convincing evidence, whether the defendant is a sexual predator. R.C. 2950.09(B)(3). The standard of clear and convincing evidence requires a "degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Naegele
(Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported at 4, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence implies more than a preponderance, but not the degree of certainty needed to establish the proposition beyond a reasonable doubt. Id. In reviewing a trial court decision based upon clear and convincing evidence, this court must examine the record to determine whether the trial court had sufficient evidence before it to satisfy the requisite degree of proof. Id.
Review of the record in the case sub judice demonstrates the trial court's classification of Rexroad as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding Rexroad should be classified a sexual predator. The trial court considered the number of victims, the tender age of the victims, the threats made by Rexroad to the victims, as well as Rexroad's mental state. Our independent examination of the record supports trial court's conclusion that, by clear and convincing evidence, Rexroad qualifies as a sexual predator.
In light of the foregoing, Rexroad's single assignment of error overruled. The order of the trial court classifying him a sexual predator is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J. CONCUR.